ERIC GRANT
United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorney for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:26-CR-00041-JLT-SKO |
| Plaintiff, | STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION AND PROTECTIVE ORDER |
| v. | |
| KEYNIN MCGEE (A.K.A. "K BANDZ"), | Ctrm:            7 |
| Defendant. | Hon.            Sheila K. Oberto |

The defendant is charged with sex trafficking by force, fraud, and coercion and sex trafficking of a minor for allegedly using threats, violence, and coercion to compel a minor victim to perform commercial sex acts for his financial benefit.  The discovery in this case contains private personal information regarding the victim, including name, date of birth, photographic depictions, telephone numbers, social media identifiers, and/or residential addresses and other sensitive information that does not need to be available to the public or persons other than defense counsel and/or the defendant.  The case also involves images of the victim while she was a minor that, while not capturing sexually explicit conduct such that the government is prohibited from reproducing them, are sensitive in nature.

1

As a result, defendant KEYNIN MCGEE, by and through his counsel of record, Griffin Estes (defense counsel), and the United States of America, by and through Assistant United States Attorney David Gappa agree as follows:

1.      This court may enter a protective order under Rule 16(d) of the Federal Rules of Criminal Procedure, and the court's general supervisory authority.

2.      The protective order should cover all discovery provided to or made available to defense counsel as part of discovery in this case including digital evidence and contraband.

3.      The following are deemed "protected materials" for purposes of discovery: (1) grand jury transcripts and exhibits; (2) photographs of the victim or other potential victims; (3) witness statements, including but not limited to reports of law enforcement officers memorializing witness statements; (4) medical records of the victim or witnesses; and (5) the personal information[1] related to victims and/or witnesses, and any statements and/or documents containing personal information related to any victims or witnesses.

4.      The United States will make available copies of the protective materials to defense counsel to comply with the government's discovery obligations.  Possession of copies of the protected materials is limited to the attorneys of record, investigators, paralegals, law clerks, experts, and assistants for the attorney of record (hereinafter, "members of the defense team").

5.      The attorney of record and members of the defense team may share and review the protected material with the defendant.  The attorneys of record and members of the defense team acknowledge that providing copies of the protected material to the defendant and other persons is prohibited, and agree not to duplicate or provide unredacted copies of the protected material to the defendant and there persons.

6.      Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

---

[1] As used in this Order, the term "personal information" refers to each victim and/or witness's date of birth, social security number (or other identification number, address, telephone number, social media handles, phone number or email addresses, and location of residence, employment, or school.

2

By signing this stipulation and protective order, defense counsel agrees not to share any documents that contain protected information with anyone other than a designated defense investigator, designated defense expert, and support staff.  The parties agree that defense counsel, defense investigators, and support staff shall not allow the defendant to copy protected information contained in the discovery or to review unredacted versions of documents.  The parties agree that defense counsel, defense investigators, and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

7       The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose.  The discovery is now and will forever remain the property of the United States of America (the government).  Defense counsel will return the discovery to the government or certify that it has been destroyed at the conclusion of the case or defense counsel's participation in the case as counsel.

8.       Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

9.       Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

10.       In the event that defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this order.

Dated: April 1, 2025                          /s/ Griffin Estes
                                              Griffin Estes
                                              Attorney for defendant
                                              Keynin McGee


Dated: April 1, 2025                          ERIC GRANT
                                              United States Attorney

                                              /s/ David Gappa
                                              David Gappa
                                              Assistant U.S. Attorney

3

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:26-CR-00041-JLT-SKO |
| Plaintiff, | |
| v. | ORDER ON STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION |
| KEYNIN MCGEE (A.K.A. "K BANDZ"), | |
| Defendant. | |

ORDER

1.      The discovery and information within it may be used only in connection with the litigation of this case and for no other purpose.  The discovery is now and will remain the property of the United States of America (the government).  Defense counsel will return the discovery to the government at the conclusion of the case or certify that he has destroyed any copy of discovery that was provided to defense counsel.

2.      Defense counsel may permit the defendant to view documents in the presence of his attorney(s), defense investigator(s), and/or support staff.  The parties agree that defense counsel, defense investigator(s), and support staff shall not allow the defendant to copy or record protected information

4

contained in the discovery.  The parties agree that defense counsel, defense investigator(s), and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

3.    Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to anyone in violation of this agreement.  Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

4.    Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED.

Dated:   **April 2, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

5